**Chester P. SOLING, individually and on behalf of all similarly situated persons, Plaintiff–Appellant,**

v.

**John McCAIN; et al., Defendants–Appellees.**

No. 05–16480.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

Leon B. Silver, Esq., Shughart Thomson & Kilroy PC, Phoenix, AZ, for Plaintiff–Appellant.

Michael K. Kennedy, Esq., Mark C. Dangerfield, Esq., Gallagher & Kennedy PA, Phoenix, AZ, Jeffrey J. Rogers, Esq., Hirsh & Rogers, PLC, Tucson, AZ, for Defendants–Appellees.

Ernest Hancock, Phoenix, AZ, pro se.

Robert Anderson, Tonopah, AZ, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Chester P. Soling appeals from the district court's order dismissing his action for lack of standing and failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Whitmore v. Federal Election Comm'n,* 68 F.3d 1212, 1214 (9th Cir.1996), and we affirm.

In his amended complaint, Soling alleged that Arizona's congressional candidates have a legal duty to represent only the interests of their constituents and that by receiving campaign contributions from residents of other states or election districts, the candidates violate the constitutional rights of Soling and other Arizona voters.

The district court properly dismissed Soling's action for lack of standing because Soling's allegations of harm are merely hypothetical. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Because we affirm the dismissal on standing grounds, we do not reach the other issues raised on appeal. *See Snake River Farmers' Ass'n. Inc. v. Dep't. of Labor,* 9 F.3d 792, 795 (9th Cir.1993).

Appellees' request for fees and costs is denied without prejudice to filing a proper motion pursuant to Fed. R.App. P. 38.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

